# EXHIBIT A

# LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 4)

**LENDER** (called "We", "Us", "Our")

BENEFICIAL CONSUMER DISCOUNT COMPANY D/B/A BENEFICIAL MORTGAGE CO OF PENNSYLVANIA
3100 OAKLAND AVE
UNIT 13-15
INDIANA PA 15701

**BORROWERS** (called "You", "Your")

FALCONE, GARY A

FALCONE, TINA L

225 EVANS AVE
BLAIRSVILLE PA 15717



| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS | SCHEDULED MATURITY DATE | | CONTRACT RATE (per year) |
|---|---|---|---|---|---|
| 11/14/2002 | 12/14/2002 | SAME DAY OF EACH MONTH | 11/14/2032 | | 8.440 % |
| AMOUNT FINANCED | | PRINCIPAL | | | |
| $ 91,084.71 | | $ 91,084.71 | | | |
| | | DISCOUNT FEE/FEE | | OFFICIAL FEES | |
| | | $ .00 | | $ .00 | |
| LIFE INS PREMIUM | DISABILITY INS PREMIUM | | | | |
| $ 62.24 Monthly | $ NONE | | | | |
| | | | PROPERTY INS (PPI) | | |
| | | | $ NONE | | |
| | | | | ORIGINATION FEE/FEE | |
| | | | | $ .00 | |
| FIRST INSTALLMENT | MONTHLY INSTALLMENT | | | TERM PERIOD | |
| $ 758.74 | $ 758.74 | | | 360 | |
| | | | | PREPAYMENT PENALTY | |
| | | | | YES | |

## SECONDARY MORTGAGE LOAN
### THIS AGREEMENT IS SUBJECT TO THE PROVISIONS OF THE SECONDARY MORTGAGE LOAN ACT

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

---

**REQUIRED INSURANCE.** You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

- YES — Title insurance on real estate security.
- YES — Hazard Insurance on real estate security.
- Physical damage insurance on vehicle listed under "Security" above if "Y" appears under "Insured".
- Physical damage insurance on other property listed under "Security" above if "Y" appears under "Insured".

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.

(See "Security" paragraph above for description of security to be insured.)

**NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.**

09-30-02 RE SI
2ND MTG OPT PPP

# LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 4)

PAYMENT. In return for your loan described below, you agree to pay us, the Principal and Interest computed at the Contract Rate (subject to any adjustment under the Adjustment to Contract Rate Section below) and any monthly insurance premium, if elected, until fully paid. Principal is Amount Financed, plus the Fee. The term Fee means the sum of the Origination Fee (Fee) and the Discount Fee (Fee) shown on page one. You shall pay us monthly payments, at our business address or other address given you. If more than one Borrower is named on page one, we may enforce this Contract against all, or any Borrowers, but not in a combined amount greater than the amount owed. Payments are applied in the following order: late charges, interest at the Contract Rate for the actual time outstanding, principal, and insurance. For any past due amounts, payments will be applied to the most delinquent monthly installment first, in the same order shown above, until all past due monthly installments are paid in full. For late charge purposes, as long as you make a full monthly installment any month, no late charge will be assessed for that month.

DATE ON WHICH INTEREST BEGINS. If you do not cancel this loan, the date on which interest begins, payment dates, and effective date of insurance purchased are postponed by the number of days from this contract's date to date you receive this loan.

ADJUSTMENT TO CONTRACT RATE. The Contract Rate, as shown on page one, will decrease by one quarter of one percent (.25) beginning with the thirteenth (13th) month after every twelve (12) consecutive month period where all payments were made in full within 30 days of their due date. Up to maximum of twelve (12) Contract Rate reductions are available during the term of the loan. For each Contract Rate reduction, the monthly installment payment will be reduced accordingly. Notwithstanding anything to the contrary in this paragraph, you will not receive any Contract Rate reductions or the reduced monthly payment after four periods of delinquency. A "period of delinquency" begins when you fail to make a payment in full within 30 days of the due date and ends when you have no payments that are outstanding for more than 30 days past their due date.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. Subject to your choice of a Prepayment Penalty on this loan, you may prepay any or all of your loan at any time. If you chose a loan with a Prepayment Penalty, the word "YES" will appear in the Prepayment Penalty box on page one of this Agreement. In any event, if you fully pay before the final payment due date, the amount you owe will be reduced by unearned credit insurance charges, if any. If you prepay before the final due date, Points are fully earned when this loan is made and you will not receive a refund of that part of the Finance Charge consisting of Points.

PREPAYMENT PENALTY. If "YES" is printed in the Prepayment Penalty box on page one of this Agreement, you agree to the following penalty. If you prepay in full within three (3) years of the date of this loan shown on page one, you agree to a pay a Prepayment Penalty equal to six (6) months interest at the Contract Rate (as stated on page one) of the original Amount Financed. No Prepayment Penalty will be imposed (a) if this loan is refinanced by another loan with us; (b) after three (3) years;(c) if the loan is prepaid from the proceeds of any insurance; or (d) if we sue you. If the first 24 monthly payments are paid in full each month within 30 days of their payment due date, we will waive any applicable Prepayment Penalty. Additionally, no Prepayment Penalty will be imposed if, at any time after the twenty-fourth month of the loan term, you pay the entire outstanding balance of your loan as the result of the sale of the result of the sale of the property securing the loan. You must provide us with documentation acceptable to us verifying the sale of the property.

LATE CHARGE. If you don't pay any payment in full within 15 days after it's due, you will also pay a late charge equal to 10% of the monthly payment or $29, whichever is greater.

BAD CHECK CHARGE. We will charge you a fee of $20 if any payment check is returned because of insufficient funds or is otherwise dishonored. You agree that we may deduct this charge from a monthly payment.

SECURITY. There is a mortgage on your real estate, located at your address shown on one, unless a different address is stated. You agree to give us a security interest in the real estate as described in the Mortgage/Deed of Trust.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

09-30-02 RE SI
2ND MTG OPT PPP

ANY ADVANCE OF FUNDS PURSUANT TO THIS LOAN REPAYMENT AND SECURITY ACCOUNT AGREEMENT AND THE MORTGAGE WHICH SECURES THE AGREEMENT MAY, IN THE EVENT OF ANY DEFAULT, RESULT IN THE LOSS OF YOUR HOME OR OTHER REAL PROPERTY PLEDGED AS SECURITY FOR YOUR LOAN.

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:

_Gary A Falcone_ (SEAL)

_Gena L Falcone_ (SEAL)

_____(SEAL)

WITNESS:

09-30-02 RE SI
2ND MTG OPT PPP

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit (i.e. commission, service fee, expense reimbursement, etc.) from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

DEFAULT. If you don't pay on time or fail to keep any required insurance in force, or if permitted in the event of default under the Mortgage, (1) all your payments may become due at once and, (2) without notifying you before bringing suit, we may sue you for the entire unpaid balance of Principal and accrued Interest and (3) any judgment in our favor may include our reasonable attorney's fee and court costs as determined by the court. You agree that, should we obtain judgment against you, a portion of your disposable earnings may be attached or garnished (paid to us by your employer), as provided by Federal law. You agree to pay interest on any judgment at the Contract Rate.

CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by Applicable Law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This loan is made under the Pennsylvania Secondary Mortgage Loan Act, Title 7, Purdon's Pennsylvania Statutes. This Agreement also qualifies as an "alternative mortgage transaction" under the Alternative Mortgage Transaction Parity Act section of the Garn-St. Germain Depository Institutions Act of 1982, Sections 3801 through 3806, Title 12, USC. Regulations issued by the Office of Thrift Supervision, Department of the Treasury, also govern.

If you do not pay the full amount of an instalment when it is due, and we intend to foreclose on the Mortgage, we must comply with the provisions of Section 403 and 404 of the Act of January 30, 1974, which is known as Act No. 6, and the provisions of the Homeowner's Emergency Mortgage Assistance Act (Act No. 91 of 1983).

NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

09-30-02 RE SI
2ND MTG OPT PPP

# ALLONGE

## THIS ALLONGE IS TO BE PART OF THE NOTE

**LOAN NUMBER:** [REDACTED]

**DATE OF NOTE:** 11/14/2002

**LENDER ON NOTE:** BENEFICIAL CONSUMER DISCOUNT COMPANY DBA BENEFICIAL MORTGAGE CO OF PENNSYLVANIA

**BORROWER(S):** GARY A FALCONE

**PROPERTY ADDRESS:** 225 EVANS AVE, BLAIRSVILLE, PA 15717

**LOAN AMOUNT:** $91084.71

**PAY TO THE ORDER OF:**
DLJ MORTGAGE CAPITAL, INC.

WITHOUT RECOURSE

BENEFICIAL CONSUMER DISCOUNT COMPANY, BY SELECT PORTFOLIO SERVICING, INC. AS ATTORNEY IN FACT

By: _____ [signature]
TIFFANY BITSOI, ASSISTANT VICE PRESIDENT

## **ALLONGE**

### **THIS ALLONGE IS TO BE PART OF THE NOTE**

**LOAN NUMBER:** ▮▮▮▮▮▮▮

**DATE OF NOTE:** 11/14/2002

**LENDER ON NOTE:** BENEFICIAL CONSUMER DISCOUNT COMPANY DBA BENEFICIAL MORTGAGE CO OF PENNSYLVANIA

**BORROWER(S):** GARY A FALCONE

**PROPERTY ADDRESS:** 225 EVANS AVE, BLAIRSVILLE, PA 15717

**LOAN AMOUNT:**          $91084.71

**PAY TO THE ORDER OF:**
_____

**WITHOUT RECOURSE**

DLJ MORTGAGE CAPITAL, INC., BY SELECT PORTFOLIO SERVICING, INC. AS ATTORNEY IN FACT

By: _____
TIFFANY BITSOI, ASSISTANT VICE PRESIDENT

Prepared by:
Bill Koch
Select Portfolio Servicing, Inc.
3217 S DECKER LAKE DRIVE
SALT LAKE CITY, UT, 84119
(800) 258-8602

When Record Return To:
Jeff Prose
Richmond Monroe Group
82 Jim Linegar Ln
Branson West, MO, 65737
(417) 447-2931

UPI #: ▮

## CORPORATE ASSIGNMENT OF MORTGAGE

TS Ref #: ▮
PA/INDIANA

Assignment Prepared on: December 13, 2019

**ASSIGNOR: DLJ MORTGAGE CAPITAL, INC. BY SELECT PORTFOLIO SERVICING, INC. ITS ATTORNEY IN FACT**, at C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119

**ASSIGNEE: CSMC 2019-JR1 TRUST**, at C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee interest under that certain Mortgage Dated: 11/14/2002, in the amount of $91,084.71, executed by GARY A. FALCONE AND TINA L. FALCONE, HUSBAND AND WIFE to BENEFICIAL CONSUMER DISCOUNT COMPANY D/B/A BENEFICIAL MORTGAGE CO OF PENNSYLVANIA and Recorded: 11/19/2002, Book: 0725, Page: 860 in INDIANA County, State of Pennsylvania.

I do certify that the precise address of (grantee/assignee/mortgagee/etc) is C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119

Attested By: *Carey Bradshaw*

The property is located in the Borough of BLAIRSVILLE.
Property Address: 225 EVANS AVE, BLAIRSVILLE, PA, 15717

Document References:
- Assignment Dated: 11/20/2017 from BENEFICIAL CONSUMER DISCOUNT COMPANY to DLJ MORTGAGE CAPITAL, INC. Recorded: 12/1/2017, Instrument #: 2017-287969

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.
DLJ MORTGAGE CAPITAL, INC. BY SELECT PORTFOLIO SERVICING, INC. ITS ATTORNEY IN FACT

On: DEC 1 8 2019
By: *Carey Bradshaw*
Name: CAREY BRADSHAW
Title: DOCUMENT CONTROL OFFICER

State of UTAH
County of SALT LAKE

On DEC 1 8 2019, before me, Molina Fresquez, a Notary Public in and for SALT LAKE in the State of UTAH, personally appeared Carey Bradshaw, Document Control Officer, DLJ MORTGAGE CAPITAL, INC. BY SELECT PORTFOLIO SERVICING, INC. ITS ATTORNEY IN FACT, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,
*Molina Fresquez*
Molina Fresquez
Notary Expires: JAN 2 8 2023    / #: 704224

MOLINA FRESQUEZ
Notary Public State of Utah
My Commission Expires on:
January 28, 2023
Comm. Number: 704224

PA/INDIANA

Indiana County
825 Philadelphia Street
Indiana, PA 15701
Phone: (724) 465-3860
Email: pswarman@countyofindiana.org

**RECORDING COVER PAGE**   Page 2 of 2

Instrument Type: Assignment of Mortgage
Instrument Date: 01/14/2020 02:50:31 PM
Instrument Number: 2020-306477

Transaction #:
Instrument Page Count: 1

RETURN TO: (Simplifile)
Richmond Monroe - SPS
82 JIM LINEGAR LANE
BRANSON WEST, , MO 65686
(417) 447-2931

SUBMITTED BY:
Richmond Monroe - SPS
82 JIM LINEGAR LANE
BRANSON WEST, MO 65686
(417) 447-2931

INSTRUMENT REFERENCE NAME: DLJ MORTGAGE CAPITAL/CSMC 2019-JR1 TRUST

**FEES / TAXES:**

| | |
|---|---|
| Recording Fee: Assignment of Mortgage | $68.75 |
| Notations Fee | $2.00 |
| **Total:** | **$70.75** |

Document Number: 2020-306477
Recorded Date: 01/14/2020

I hereby CERTIFY that this document
is recorded in the Recorder's Office of
Indiana County, Pennsylvania



Patricia Streams - Warman
Recorder of Deeds

## DO NOT DETACH
### THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE MAY NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT
FOR ANY ADDITIONAL INFORMATION.

DO NOT REMOVE - THIS PAGE IS PART OF THE RECORDED DOCUMENT.



**PENNSYLVANIA**
COUNTY OF INDIANA

PREPARED BY: FIRST AMERICAN MORTGAGE SOLUTIONS
WHEN RECORDED MAIL TO:
FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402, PH. 208-528-9895

# ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt whereof is hereby acknowledged, **BENEFICIAL CONSUMER DISCOUNT COMPANY** located at C/O SELECT PORTFOLIO SERVICING, INC. 3217 S DECKER LAKE DRIVE, SALT LAKE CITY, UT 84119, Assignor, does hereby grant, bargain, assign, transfer, convey, and set over unto **DLJ MORTGAGE CAPITAL, INC.** located at **ELEVEN MADISON AVENUE 4TH FLOOR, NEW YORK, NY 10010**, Assignee, its successors and assigns, that certain Mortgage dated **NOVEMBER 14, 2002** executed by **GARY A. FALCONE AND TINA L. FALCONE, HUSBAND AND WIFE**, Mortgagor, to **BENEFICIAL CONSUMER DISCOUNT COMPANY D/B/A BENEFICIAL MORTGAGE CO OF PENNSYLVANIA**, Original Mortgagee, in the amount of **$91,084.71** and recorded on **NOVEMBER 26, 2002** in the Office of the Register, Recorder, or County Clerk of **INDIANA** County, State of **PENNSYLVANIA**, in Book **0725** at Page **860**, more particularly described and commonly known as:
AS DESCRIBED IN SAID MORTGAGE
Property Address: **225 EVANS AVE, BLAIRSVILLE, PA 15717**
BOROUGH OF BLAIRSVILLE/WARD 2
**THIS MORTGAGE HAS NOT BEEN ASSIGNED**
TOGETHER WITH all rights, title, and interest in and to the premises, accrued or to accrue under said Mortgage.
TO HAVE AND HOLD the same unto Assignee, its successors and assigns, to Assignees proper use and benefit.
IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this **NOVEMBER 20, 2017**.
**BENEFICIAL CONSUMER DISCOUNT COMPANY, BY SELECT PORTFOLIO SERVICING, INC. AS ATTORNEY IN FACT, POWER OF ATTORNEY RECORDED ON 08/19/2016 IN DOCUMENT NO. 2016-276137**

_____
LISA CARTER, ASSISTANT VICE PRESIDENT

STATE OF **IDAHO**  COUNTY OF **BONNEVILLE** ) ss.

On **NOVEMBER 20, 2017**, before me, **DALLAS STEPHENSON**, personally appeared **LISA CARTER** known to me to be the **ASSISTANT VICE PRESIDENT** of **SELECT PORTFOLIO SERVICING, INC. AS ATTORNEY-IN-FACT FOR BENEFICIAL CONSUMER DISCOUNT COMPANY** the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_____
DALLAS STEPHENSON (COMMISSION EXP. 02/15/2021)
NOTARY PUBLIC

[SEAL: DALLAS STEPHENSON NOTARY PUBLIC STATE OF IDAHO]

Page 1 of 2

I do hereby certify that the precise address of the Assignee Residence is:
DLJ MORTGAGE CAPITAL, INC., ELEVEN MADISON AVENUE 4TH FLOOR, NEW YORK, NY 10010

LISA CARTER, ASSISTANT VICE PRESIDENT

Indiana County
825 Philadelphia Street
Indiana, PA 15701
Phone: (724) 465-3860
Email: pswarman@countyofindiana.org

**RECORDING COVER PAGE**     Page 3 of 3

| | |
|---|---|
| **Instrument Type:** Assignment of Mortgage | **Transaction #:** 821246 |
| **Instrument Date:** 12/01/2017 08:15:44 AM | **Instrument Page Count:** 2 |
| **Instrument Number:** 2017-287969 | |

**RETURN TO:** (Simplifile)
Security Connections Inc
240 TECHNOLOGY DRIVE
IDAHO FALLS, , ID 83401
(208) 552-8322

**SUBMITTED BY:**
Security Connections Inc
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401
(208) 552-8322

**INSTRUMENT REFERENCE NAME:** BENEFICIAL / DLJ MORTGAGE

**FEES / TAXES:**

Recording Fee:Assignment of Mortgage     $68.75

**Total:**     $68.75

Document Number: 2017-287969
Recorded Date: 12/01/2017

I hereby CERTIFY that this document is recorded in the Recorder's Office of Indiana County, Pennsylvania



Patricia Streams - Warman
Recorder of Deeds

## DO NOT DETACH
THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE MAY NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

DO NOT REMOVE - THIS PAGE IS PART OF THE RECORDED DOCUMENT.

BK 0725 PG 860

# MORTGAGE

☐ IF BOX IS CHECKED, THIS MORTGAGE IS AN OPEN-END MORTGAGE AND SECURES FUTURE ADVANCES.

THIS MORTGAGE is made this day 14TH of NOVEMBER 2002, between the Mortgagor, GARY A. FALCONE AND TINA L. FALCONE, HUSBAND AND WIFE

(herein "Borrower") and Mortgagee BENEFICIAL CONSUMER DISCOUNT COMPANY D/B/A BENEFICIAL MORTGAGE CO OF PENNSYLVANIA , a corporation organized and existing under the laws of PENNSYLVANIA, whose address is 3100 OAKLAND AVE, UNIT 13-15, INDIANA, PA 15701 (herein "Lender").

☒ The following paragraph preceded by a checked box is applicable.

WHEREAS, Borrower is indebted to Lender in the principal sum of $ 91,084.71, evidenced by Borrower's Loan Repayment and Security Agreement or Secondary Mortgage Loan Agreement dated NOVEMBER 14, 2002 and any extensions or renewals thereof (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on NOVEMBER 14, 2032 ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____, or so much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated _____ and extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial advance of $ _____;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described property located in the County of INDIANA Commonwealth of Pennsylvania:

ALL THAT CERTAIN PROPERTY SITUATED IN THE BOROUGH OF BLAIRSVILLE, WARD 2, IN THE COUNTY OF INDIANA AND COMMONWEALTH OF PENNSYLVANIA, BEING DESCRIBED AS FOLLOWS: LOT 309 IN THE SERELL PARK PLAN NO. 3. BEING MORE FULLY DESCRIBED IN A DEED DATED 08/03/1993 AND RECORDED

CONTINUED ON EXHIBIT A-LEGAL DESCRIPTION

REG 11-19-02 14:49
DORA MURDI 0001 69
                    1
ROSS PATTY          $0.00
MORTGAGE            $38.50
4 ITEMS
ADD'L PAGE  PA0012B1 $8.00
                    $46.5(

Mail: Household

BK0725PG861

-2-

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest at Variable Rates.** This mortgage secures all payments of principal and interest due on a variable rate loan. The contract rate of interest and payment amounts may be subject to change as provided in the Note. Borrowers shall promptly pay when due all amounts required by the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property

04-29-02 MTG                                                                                                      PA001282

BK0725PG862

EXHIBIT A (PAGE 1)

08/06/1993, AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE, IN DEED VOLUME 1027 AND PAGE 210. TAX MAP OR PARCEL ID NO.: ▮

BK 0725 PG 863

-3-

is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Except for loans made pursuant to the Pennsylvania Consumer Discount Company Act, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest, and then to the principal.

4. **Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the contract rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

04-29-02 MTG                                                                                        PA001283

BK 0725 PG 864

-4-

8. **Inspection.** Lender may take or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

04-29-02 MTG

BK0725PG865

-5-

16. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property, (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property, (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property, or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Mortgage unless Lender releases Borrower in writing.

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Mortgage to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or

04-29-02 MTG                                                                                              PA001285

BK0725PG866

-6-

agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof, in abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 7 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property under state or Federal law.

22. **Interest Rate After Judgment.** Borrower agrees the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate stated in the Note.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Mortgage.

04-29-02 MTG                                                                                                    PA001286

BK0725PG867

-7-
## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

COMMONWEALTH OF PENNSYLVANIA
INDIANA COUNTY

RECORDED in the office for the Recording of Deeds, etc. in and
for said county, in Mortgage Book
Volume _____725_____ Page _____860_____
Given under my hand and seal of this office, this _____19_____
day of _____Nov_____, 20 _02_
_Patricia Amamo Wanman_ Recor.

_Gary A Falcone_ -Borrower
GARY A FALCONE
_Tina L Falcone_ -Borrower
TINA L FALCONE

I hereby certify that the precise address of the Lender (Mortgagee) is:
3100 OAKLAND AVENUE SUITE 13 INDIANA PA 15701
On behalf of the Lender, By: ELAINE CESSNA _Elaine Cessna_ Title: SA

COMMONWEALTH OF PENNSYLVANIA,
INDIANA County ss:

I, _Richard J Kulbacki_, a Notary Public in and for said county and state, do hereby certify that GARY A FALCONE AND TINA L FALCONE

personally known to me to be the same person(s) whose name(s) ARE subscribed to the foregoing instrument, appeared before me this day in person, and acknowledge that T he Y signed and delivered the said instrument as THEIR free voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal, this 14TH day of NOVEMBER, 20 02.

My Commission expires:

Notarial Seal
Richard J. Kulbacki, Notary Public
White Twp., Indiana County
My Commission Expires Apr. 4, 2005
Member, Pennsylvania Association of Notaries

Notary Public

This instrument was prepared by:
BENEFICIAL CONSUMER DISCOUNT COMPANY
D/B/A BENEFICIAL MORTGAGE CO OF PENNSYLVANIA
3100 OAKLAND AVENUE SUITE 13
INDIANA, PA 15701

(Space Below This Line Reserved For Lender and Recorder)

04-29-02 MTG

Return To:
Records Processing Services
577 Lamont Road

PA001287